Cecelia L. Bornstein
vs.  No. 79508.
Axel E. Johnson

July 20, 1929.

HAHN, J. Heard on demurrers to defendant's special pleas.

This is an action of assumpsit, on a promissory note, by the payee against the maker.

Defendant claims the right to file the pleas by virtue of General Laws, Chapter 333, Sec. 22, which allows the filing of any equitable defence in an action at law, upon which an unconditional judgment may be rendered for the party filing such defence; and defendant claims that such pleas, being of an equitable nature, cannot be the subject of demurrer.

Such pleas filed under the statute are, however, subject to a demurrer. In the following cases, which were actions at law, demurrers to equitable pleas filed under the statutes were sustained.

*Upham* vs. *Hamill*, 11 R. I. 565;

*Newport Hospital* vs. *Carter*, 15 R. I. 285;

*Amer. Bldg. Loan Co.* vs. *Booth*, 17 R. I. 736.

The demurrer charges that the defendant has commingled defences in each of the pleas, that the pleas are bad for duplicity. In the following case it is said that a plea is bad for duplicity if it "consists of several distinct and independent matters alleged to the same point and requiring different answers * * * but the rule is not violated by introducing several matters into a plea if they be constituent parts of the same entire defence."

*McAleer* vs. *Angell*, 19 R. I. 688, 689.

This is true in equity as well as at law. Corpus Juris, under the subject "Equity," states the rule thus:

"A plea which states facts constituting more than one ground of defense is bad for duplicity."

21 C. J. p. 461.

In the present case, do the pleas set forth more than one distinct ground of defence? Each plea charges, among other things, non-delivery and want of consideration. Either non-delivery or want of consideration is a complete defence to a note between the original or immediate parties. Without delivery the note has no life; without consideration there is no recovery.

General Laws 1923, Chap. 227, Secs. 22 and 34;

8 Corpus Juris 203.

The pleas accordingly appear bad for duplicity. But even if the pleas are not bad for duplicity, they do not seem to set forth equitable defences or matters of defence requiring to be specially pleaded. Non-delivery and want of consideration may both be shown under the general issue.

*Sheer* vs. *Hall & Lyon Co.*, 36 R. I. 47;

*Lee* vs. *Benjamin*, 40 R. I. 567;

*Lopato* vs. *Hayman*, 43 R. I. 271.

The circumstances attending the making of the note, which circumstances defendant has set forth briefly in his special pleas, may also be shown under the general issue. See the two last cases above cited. The circumstances in *Lee* vs. *Benjamin* are not unlike those of the present case, and the action is by the payee against the maker.

Where matters alleged in a special plea may be shown under the general issue, the plea is bad and a demurrer thereto should be sustained.

*Cole* vs. *Lippitt*, 23 R. I. 541;

*Granite Bldg. Corp.* vs. *Greene*, 25 R. I. 586.

Demurrers sustained.

For plaintiff: John P. Beagan.

For defendant: Ernest L. Shein.